**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN SIMPSON,** | : | **CIVIL NO. 3:15-CV-0989** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **LUZERNE COUNTY** | : | |
| **CORRECTIONAL FACILITY,** | : | |
| | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

John Simpson ("Simpson"), an inmate currently incarcerated at the Luzerne County Correctional Facility ("LCCF"), commenced this civil rights action pursuant to 42 U.S.C. § 1983 on May 21, 2015.  (Doc. 1.)  He seeks to proceed *in forma pauperis*. (Docs. 2, 6, 9).  Obligatory preliminary screening reveals that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).  However, Simpson will be afforded the opportunity to amend his complaint.

**I.   Standards of Review**

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ."  28 U.S.C. §1915(e)(2)(B)(ii).  The applicable standard of review for the failure to state a claim provision is the same as the standard for a motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.  Rule 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.

FED. R. CIV. P. 12(b)(6).  When ruling on a Rule 12(b)(6) motion, the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests."  Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry.  See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009).  Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief."

Iqbal, 556U.S. at 679; Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## II. **Allegations of the Complaint**

The sole defendant in this action is the LCCF. Simpson alleges that a September 2013 fall down a flight of stairs at the LCCF required that he be transported to the hospital for treatment of a neck injury. (Doc. 1, p. 3). He avers that after his release from the hospital, he was forced to walk in his bare feet through the parking lot to the prisoner van. (Id.) In addition, he alleges that rather than being housed in the LCCF infirmary, he was returned to general population. (Id.)

## III. **Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95

F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  Thus, § 1983 limits liability to persons who violate constitutional rights.

Simpson has named the Luzerne County Correctional Facility as the sole defendant.  However, a county jail is not a proper defendant in a § 1983 action because it is not a person and therefore, not subject to suit under 42 U.S.C. § 1983.  See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (holding that a "state agency may not be sued under 42 U.S.C. § 1983 since it is not a person"); Nesmith v. Beaver County Jail, Civ. A. No. 11–388, 2012 WL 3245495 at *11 (W.D. Pa. Aug.8, 2012) (finding that the jail is not an entity that is properly subject to suit and would be dismissed as a defendant even if complaint was not deficient.)  The complaint is therefore subject to dismissal.

**IV.   Leave to Amend**

This court is mindful, however, that the sufficiency of this *pro se* pleading must be construed liberally in favor of plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).  Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110–111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).  Rather, a district court "should freely give leave [to amend] when justice so requires."  FED. R. CIV. P.

15(a)(2).  Although the court is skeptical that, based on the nature of the allegations, Simpson is able to allege a violation of his constitutional rights, it is conceivable that he can cure the deficiencies of his claim.  He will therefore be afforded leave to amend.

## V.  Conclusion

For the reasons set forth above, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), with leave to amend.

An appropriate order will issue.

                                **BY THE COURT:**

                                **s/James M. Munley**
                                **JUDGE JAMES M. MUNLEY**
                                **United States District Court**

Dated: July 17, 2015